UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT LEWICKI,

        Plaintiff,

                                  Case Number 09-11844-BC
v.                                     Honorable Thomas L. Ludington

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTION, ADOPTING JUDGE HLUCHANIUK'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE

Magistrate Judge Michael Hluchaniuk issued a report and recommendation [Dkt. # 18] on August 23, 2010, recommending that the Court deny Plaintiff Robert Lewicki's motion for summary judgment [Dkt. # 9], grant Defendant Commissioner of Social Security's motion for summary judgment [Dkt. # 14], and dismiss Plaintiff's complaint [Dkt. # 1] with prejudice.

Any party may serve and file written objections to a report and recommendation "[w]ithin fourteen days after being served with a copy" of the report. 28 U.S.C. § 636(b)(1). Plaintiff filed objections on September 3, 2010 [Dkt. # 19] and Defendant filed a response on September 17, 2010 [Dkt. # 20]. The district court will make a "de novo determination of those portions of the report . . . to which objection is made." *Id.* The Court is not obligated to further review the portions of the report to which no objection was made. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). For the reasons stated below, Judge Hluchaniuk's report and recommendations will be adopted and Plaintiff's complaint will be dismissed with prejudice.

# I

The Commissioner of Social Security determines whether a claimant is disabled in accordance with a five-step process. 20 C.F.R. § 404.1520(a)(4)(i)–(v). A claim is allowed when a claimant demonstrates that (1) he is not engaged in substantial gainful employment; (2) he suffers from a severe impairment; and (3) the impairment meets or is equal to a "listed impairment." If the claimant does not satisfy the third step, the claim is still allowed if the fourth and fifth steps are satisfied. In step four, the claimant must show that he does not retain the residual functional capacity to perform his relevant past work. 20 C.F.R. § 416.920(a)(4)(i)-(iv). At the fifth and final step, the Commissioner determines whether the claimant is able to perform any other gainful employment in light of the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v).

The Court reviews the Commissioner's decision to determine whether the "factual findings . . . are supported by substantial evidence." *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990) (citing 28 U.S.C. § 405(g)). Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999). A district court does not resolve conflicts of evidence or issues of credibility. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

# II

As of the alleged disability onset date of March 30, 2000, Plaintiff was a 43-year-old former

bricklayer suffering from degenerative joint disease, degenerative disc disease, hypertension, adjustment disorder anxiety, and alcohol dependence. R&R at 2–3. During the administrative review process, evidence was presented suggesting that Plaintiff suffers from a variety of physical ailments that would limit his ability to return to his past work as a bricklayer. A psychologist from a state agency also reported that Plaintiff suffered from several mental impairments. The psychologist reported that he "was moderately limited in his ability to (a) understand and remember detailed instructions, (b) carry out such detailed instructions, (c) maintain attention and concentration for extended periods, and (d) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances." *Id.* at 4; A.R. at 286–87. The psychologist further concluded that, despite those limitations, Plaintiff "retains [the] ability to do unskilled tasks on a sustained basis." R&R at 5; A.R. at 284.

As part of her analysis, the ALJ posed the following hypothetical question to the vocational expert:

> I'd like you to assume someone who's done that work, and I want you to assume a person who did complete the 11th grade, who was born in 1964. Assume a person who cannot lift, carry, push, or pull more than 10 pounds frequently, no more than 20 pounds occasionally. And the person should be able to use both hands to handle those amounts. Pushing and pulling should be limited to no more than occasionally during the workday. Assume a person who's limited to standing and walking four to six hours in an eight-hour workday. Assume that the person's able to sit for up to eight hours in an eight-hour workday with typical breaks and a lunch period. The person should not have to climb ladders, ropes, or scaffolds and should not need to kneel, crouch, or crawl. Assume that the person's limited to occasional stair-climbing, no more than occasional stooping. Handling, fingering, feeling are limited to frequent. And there should be no tight gripping or squeezing. The person should not need to reach overhead to do the work. And with the right arm, which is the dominant arm, there's a limitation to frequent reaching below shoulder level. The person should not have to walk on uneven terrain, should not be exposed to hazards or to vibration. The person should not have to operate foot or leg controls or drive as a work duty. There should not be concentrated exposure to fumes, dust, or gases. Assume that the person's limited to doing simple routine work.

A.R. at 396–97. The vocational expert concluded that such a hypothetical person could not return to work as a brick layer, but would be qualified for numerous other jobs available in the national economy. *Id.* The available jobs included security guard, cashier, receptionist, file clerk, and office clerk. *Id.*

The ALJ concluded that Plaintiff's impairments "impose significant limitations on his ability to work," and that Plaintiff "has mild impairment of social functioning, and moderately impaired concentration, persistence, [or] pace." R&R at 3–4. The ALJ concluded that Plaintiff could not return to his former job as a bricklayer, but that there were numerous other jobs in the national economy that he could perform. Accordingly, the ALJ concluded Plaintiff was not disabled. Judge Hluchaniuk found that the ALJ's conclusion was supported by substantial evidence and recommended that the Court dismiss Plaintiff's complaint.

**III**

Plaintiff raises a single objection to the Judge Hluchaniuk's report and recommendation. Plaintiff contends that Judge Hluchaniuk incorrectly suggested that the hypothetical question posed to the vocational expert adequately accounted for Plaintiff's moderate limitations in concentration, persistence, or pace. Pl.'s Obj. at 2. Judge Hluchaniuk addressed the same question in his report:

> Based on the foregoing medical evidence, the substantial evidence in the records supports the ALJ's conclusions regarding the limited nature of plaintiff's mental impairments. However, plaintiff argues that the ALJ's finding that plaintiff was "moderately" limited as to concentration, persistence, and pace is not accounted for in the hypothetical question posed to the vocational expert and relied on by the ALJ in reaching the ultimate conclusion that there were sufficient jobs in the economy that plaintiff could perform. The Commissioner asserts that the limitation in the hypothetical that plaintiff could only perform simple, routine, and unskilled work. (Tr. 77-78). According to SSR 85-15, the mental demands of unskilled work are "the abilities (on a sustained basis) to understand, carry out, and remember simpl[e] instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." Decisions in

this district reflect the conclusion that a moderate impairment in concentration, persistence, and pace does not necessarily preclude simple, routine, unskilled work. *See e.g.*, *Latarte v. Comm'r of Soc. Sec.*, 2009 WL 1044836, *3 (E.D. Mich. 2009); *Street v. Comm'r of Soc. Sec.*, 390 F.Supp.2d 630, 638 (E.D. Mich. 2005), citing, *Chafin v. Comm'r of Soc. Sec.*, 2005 WL 994577, **2, 4 (E.D. Mich. 2005) (ALJ's hypothetical question addressed plaintiff's mental deficiencies sufficiently by limiting him to "simple, unskilled work." Further, although plaintiff had "moderate" deficiencies of concentration, persistence, or pace he could nonetheless perform the work of an assembler, packager, inspector, and security monitor); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 662 (E.D. Mich. 2004) ("ALJ took into account [the] [p]laintiff's depression ... by including limitations within the hypothetical ... limiting the possible jobs to simple, unskilled, and routine work"). Similarly, the undersigned concludes that the ALJ's hypothetical question properly took into account plaintiff's mental impairments as found by the ALJ to be credible. Thus, there is no basis for overturning the ALJ's decision, which the undersigned finds is supported by substantial evidence.

R&R at 21–22.

Plaintiff emphasizes that other Courts in the Eastern District of Michigan have concluded that moderate limitations in concentration, persistence, or pace may not be adequately accounted for by a hypothetical question that limits the plaintiff to simple unskilled work. *See Edwards v. Barnhart*, 383 F. Supp. 2d 920, 930-931 (E.D. Mich. 2005); *Brown v. Comm'r of Soc. Sec.*, 672 F. Supp. 2d 794, 797 (E.D. Mich. 2009). There may be cases where such moderate limitations preclude the performance of even some simple, unskilled tasks. Plaintiff does not, however, explain why the facts of this particular case require a more detailed hypothetical question to adequately account for his own moderate limitations in concentration, persistence, or pace. As the Commissioner emphasizes in his response, Judge Hluchaniuk "provided a detailed review of the evidence supporting his conclusion that the ALJ was justified in finding Plaintiff could do such work. Mag. R&R 18–21. Plaintiff does not challenge any of that analysis." Comm'r's Resp. at 2. Plaintiff never explains how the facts of his case are more like the facts of *Brown* and *Barnhart* than other cases from this District that have reached the opposite conclusion. In *Latare v. Commissioner of*

*Social Security*, No. 08-13022, 2009 WL 1044836, at *3 (E.D. Mich. April 20, 2009), a court in this District concluded that the ALJ adequately considered Plaintiff's "significant" mental impairments by limiting her to simple unskilled work. *See also Infantado v. Astrue*, 263 F. App'x 469, 477 (6th Cir. 2008) (concluding that the ALJ's hypothetical question, while it "could have been more complete," adequately accounted for the plaintiff's moderate mental impairments).

Judge Hluchaniuk correctly concluded that the ALJ's decision was supported by substantial evidence. The hypothetical question posed to the vocational expert adequately accounted for Plaintiff's mental impairments. First, Plaintiff's objection ignores a particularly compelling piece of evidence provided by the same state psychologist who diagnosed Plaintiff's mental limitations in the first place. The psychologist diagnosed moderate mental impairments, but also concluded that Plaintiff's mental limitations would not prohibit him from performing simple, unskilled work. A.R. at 284. Moreover, the ALJ supplemented her hypothetical question by inquiring how often Plaintiff could be absent from the available jobs and whether the jobs would require him to work consistent eight-hour shifts. A.R. at 399. These specific questions account for Plaintiff's limitations as to concentration, punctuality, and attendance. Similarly, the ALJ inquired into whether the available jobs would require contact with the public, which accounts for Plaintiff's mild social limitations. A.R. 399. Plaintiff's mental limitations were mild or moderate and the ALJ adequately accounted for them.

## IV

Plaintiff is clearly limited in the available work he can perform by physical and mental limitations. However, the ALJ accurately accounted for those limitations when she posed a series of hypothetical questions to the vocational expert and learned there were still a substantial number

of jobs Plaintiff could perform. Accordingly, the ALJ's determination that Plaintiff is not disabled and retains the RFC to perform simple unskilled work is supported by "substantial evidence." 42 U.S.C. § 405(g).

Accordingly, it is **ORDERED** that Plaintiff's objection to Judge Hluchaniuk's report and recommendation [Dkt. # 19] is **OVERRULED**.

It is further **ORDERED** that the Judge Hluchaniuk's report and recommendation [Dkt. # 18] is **ADOPTED**.

It is further **ORDERED** that Plaintiff's motion for summary judgment [Dkt. # 9] is **DENIED**.

It is further **ORDERED** that Defendant's motion for summary judgment [Dkt. # 14] is **GRANTED**.

It is further **ORDERED** that the findings of the Commissioner are **AFFIRMED** and Plaintiff's complaint [Dkt. # 1] is **DISMISSED WITH PREJUDICE**.

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

Dated: September 30, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 30, 2010.

        s/Tracy A. Jacobs
        TRACY A. JACOBS